[645 NYS2d 66]

In the Matter of CHERYL EDWARDS (Admitted as CHERYL DENISE EDWARDS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 1, 1996

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark DeWan* of counsel), for petitioner.

*Jeff L. Greenup,* New York City *(Fred L. Wallace* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing six charges of professional misconduct. The Special Referee sustained all charges except for Charge Two. The Grievance Committee moves to confirm the Special Referee's report to the extent that it sustained Charges One, Three, Four, Five, and Six and to disaffirm the report to the extent that it failed to sustain Charge Two. The respondent cross-moves to (1) disaffirm the report of the Special Referee to the extent that it sustained Charges One, Three, Four, Five, and Six, (2) to confirm the report to the extent that it failed to sustain Charge Two, (3) to dismiss the cause of action for want of jurisdiction *ab initio,* (4) to vacate the order of suspension, and (5) to hold 22 NYCRR 691.4 *(l)* (1) (ii) and (iii) unconstitutional.

The six charges are based on the following seven allegations in the petition:

"1. In or about 1990, respondent was retained to represent Muriel Ollivierre in connection with the sale of Ms. Ollivierre's property.

"2. Pursuant to contract of sale entered into in or about November, 1990, respondent was entrusted as fiduciary with the prospective purchaser's down payment of $9,250.

"3. On or about November 20, 1990, respondent deposited the $9,250 down payment into an account at Republic National Bank * * * entitled 'Edwards and Ellison Attorneys at Law, Escrow Agents for Muriel Ollivierre'.

"4. Between November 26, 1990 and August 12, 1991, respondent drew six checks on [this] Account * * * to pay her personal expenses, as follows:

| | | | |
|---|---|---|---|
| 11/26/91 | Check #0001 | Joseph P. Day Realty | $2200 |
| 12/21/91 | Check #0002 | 'Cash' | $300 |
| 12/26/91 | Check #0003 | 'Cash' | $300 |
| 03/14/91 | Check #0004 | 'Cash' | $400 |
| 05/23/91 | Check #0005 | 'Cash' | $400 |
| 08/12/91 | Check #0006 | 'Cash' | $300 |

"5. On September 30, 1991, the balance in [the] Account * * * had been depleted to $5,350, well below the amount required to be maintained in escrow by respondent.

"6. On October 1 and October 2, 1991, respondent deposited her own funds in the Account to cure the deficiency in that account.

"7. On January 5 and August 11, 1993, respondent testified falsely that she had inadvertently drawn checks for personal expenses on [the] Republic National Bank Account * * * entitled 'Edwards and Ellison Attorneys-at-Law, Escrow Agents for Muriel Ollivierre' while funds were available in her personal account(s). In fact, sufficient funds were not available in respondent's personal account(s)".

Charge One alleged that the respondent was guilty of converting client funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (22 NYCRR 1200.3 [a] [4]; 1200.46).

Charge Three alleged that, by her conversion of funds, the respondent has been guilty of conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Charge Four alleged that the respondent has been guilty of professional misconduct in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

Charge Five alleged that the respondent has been guilty of conduct involving dishonesty, deceit, fraud, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), when she gave false testimony during two investigative sessions.

Charge Six alleged that, by her misrepresentations, the respondent has been guilty of conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced, the Special Referee properly sustained Charges One, Three, Four, Five, and Six. The petitioner's motion is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied. The respondent's cross motion is granted to the extent that it seeks to confirm the Special Referee's findings as to Charge Two and is otherwise denied. There is no merit to the respondent's constitutional and jurisdictional arguments.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including her physical ailment and subsequent

hospitalization, in consequence of which she allowed her financial accounts to be more vulnerable to error. Notwithstanding the respondent's mitigation, her actions were not inadvertent. The respondent used her escrow account to pay personal expenses on six different occasions when there were insufficient funds in her personal account. Under the circumstances, the respondent is guilty of serious professional misconduct warranting her disbarment.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that Charges One, Three, Four, Five, and Six are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted only to the extent that Charge Two is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Cheryl Edwards, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Cheryl Edwards is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.